# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ALAN SHERMAN**,

    Plaintiff,

v.                                                          No. CIV 98-624 BB/DJS

**UNITED PARCEL SERVICE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed August 10, 1998.(Doc. 2). Having considered the submissions of the parties and the applicable law, the Court concludes that Defendant's Motion for Summary Judgment should be GRANTED IN PART and DENIED IN PART.

### Fact and Procedural History

Alan Sherman (Plaintiff) worked at United Parcel Service (UPS) for a number of years, first as a Package Driver and later as an On Car Supervisor. The events giving rise to Plaintiff's Breach of Contract and Civil Rights complaint (Doc. 1) occurred on or about December 21, 1993 when UPS terminated Plaintiff's employment with the company. After separation from UPS, Plaintiff filled out an EEOC Intake Questionnaire describing why he believed the employment action was taken against him. (Doc. 4). The Questionnaire was signed and dated January 27, 1994. On February 8, 1994, the EEOC sent a letter to Plaintiff advising him that the information he provided was not sufficient for filing a charge of discrimination and additional information

1

was needed before the Commission could pursue his claim. (Letter from EEOC to Sherman of 2/8/94). The EEOC urged Plaintiff to contact their office immediately and advised him that an interview would be the best way for their office to obtain the needed information. The letter also put Plaintiff on notice of the filing deadlines for charges of employment discrimination. There is no indication from the record that the EEOC contacted UPS regarding Plaintiff's complaint. In the following months written correspondence ceased temporarily, however, Plaintiff did call the EEOC to inquire into the status of his complaint.

Eventually, Plaintiff filed a formal Charge of Discrimination on December 19, 1994 alleging the same discriminatory activity described earlier in the January, 1994 Questionnaire. (Doc. 1). Two days later, the EEOC received a letter from Plantiff's attorney inquiring about the status of Plaintiff's "complaint" – apparently referring to the Questionnaire -- which his client indicated "has been on the shelf" since it was filed the previous year. (Letter from Moeller to EEOC of 12/21/94). The EEOC responded to this inquiry a day later detailing the communications between Plaintiff and the Commission and "clarify[ing] what has happened to the Intake Questionnaire" filled out by Plaintiff. (Letter from EEOC to Moeller of 12/22/94). The letter stated that Plaintiff had never filed a formal complaint with the EEOC and cautioned that a jurisdictional question may arise due to the timeliness of the December 1994, filing. (Id.). The EEOC, however, proceeded to investigate the Charge of Discrimination, and the same day sent a letter to UPS putting Defendant on notice of Plaintiff's allegations. (Letter from EEOC to UPS of 12/22/94). In January 1998, the EEOC informed Plaintiff that they would not pursue his claim any further based on the information they received in their investigation. (Letter from EEOC to

Moeller of 1/27/98).[1] A right to sue letter followed on February 25, 1998 and Plaintiff filed a complaint with this Court on May 26, 1998 for violation of Civil Rights and Breach of Contract. (Doc. 1). In lieu of an answer, UPS filed this current motion to dismiss all the claims.

**Legal Standard**

This motion was brought pursuant to Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court must accept all well-pled factual allegations in the light most favorable to Plaintiff. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling her to relief." Bauchman v. West High Sch., 132 F. 3d 542, 550 (10th Cir. 1997)(citing Ramirez v. Oklahoma Dep't of Mental Health, 41 F. 3d 584, 586 (10th Cir. 1994)).

Summary judgment, on the other hand, is appropriate only "if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Federal Rules of Procedure state that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986). Once the movant meets its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In reviewing a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmoving party. Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995).

---

[1] The long delay by the EEOC was not clearly explained by either party, and not argued as basis for action by this Court.

If matters outside of the pleadings are to be considered by the Court in ruling upon a motion to dismiss, the motion is converted to one under Fed. R. Civ. P. 56. Indeed, Rule 12(b) provides in part:

> If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6).

In light of my consideration of evidence presented outside of the pleadings, the Court will treat this motion as a motion for summary judgment.

## Discussion

Defendant first argues that Plaintiff's Title VII claims are subject to dismissal because Plaintiff did not comply with the applicable statute of limitations for filing a discrimination claim with the EEOC. In addition, Defendant seeks the dismissal of the breach of implied contract claim on two separate grounds: (1) Plaintiff's breach of contract claim is barred by New Mexico's four year limitation on actions for breach of an unwritten agreement; and/or (2) as a matter of law the UPS Policy Book does not create a contractual or enforceable contract between UPS and its employees as Defendant alleges. The Court will consider both of Defendant's arguments in turn.

A.  <u>Title VII Claim</u>

Title VII offers "an integrated, multistep enforcement procedure that enables the Commission to detect and remedy instances of discrimination." <u>EEOC v. Shell Oil Co.</u>, 466 U.S. 54, 62 (1983). Today, the EEOC provides a two-step filing procedure requiring separate forms:

4

the Intake Questionnaire, soliciting preliminary information, and the Charge of Discrimination, considered the formal process for initiating an EEOC investigation. See Early v. Banker Life and Cas. Co., 959 F.2d 75 (7th Cir. 1992) (explanation by Judge Posner of EEOC complaint procedures).

The statute governing complaint procedures requires that a formal charge be filed with the EEOC office within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e)(1). According to the facts of this case, the informal Intake Questionnaire which Plaintiff completed was received less than thirty (30) days after Plaintiff's termination. The EEOC never notified Defendant of the Questionnaire and did not initiate an investigation. The formal charge prepared by Plaintiff was filed well after the three hundred day limit imposed by the statute. Once this Charge was filed, however, Defendant was notified of Plaintiff's allegations and the EEOC activated an investigation. Because the formal charge was not filed within the three hundred day period, UPS reasons that the discrimination claim is time barred. Plaintiff's procedural problem is that he filed a timely "complaint" that did not meet the formal requirement of a charge, then subsequently filed a formal charge outside of the statutory time limitation. Plaintiff responds that he made the charge within days of his termination by submitting the Questionnaire and has thus satisfied the requirements of § 2000e-5(e)(1). The central issue in this motion before the Court, therefore, is whether the timely Intake Questionnaire in conjunction with the subsequently filed charge satisfied the statutory time bar limits for Title VII claims. According to the law of this Circuit, the Court believes it does.

Section 2000e-5(b) provides, in relevant part, that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission

5

requires." The EEOC's interpretation of the statute at issue here is set out in the regulations it has promulgated for procedural compliance with EEOC claims. The pertinent regulations read:

> [29 C.F.R.] § 1601.9 Form of Charge
> A charge shall be in writing and signed and shall be verified
>
> [29 C.F.R.] § 1601.12 Contents of charge; amendment of charge.
> (a) Each charge should contain the following:
> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practices have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and if so, the date of such commencement and the name of the agency.
> ....

The question presented is whether what was provided in the Intake Questionnaire satisfies the statutory requirements cited above. There is a split among Circuit courts regarding whether an EEOC Intake Questionnaire can serve as an administrative charge for Title VII and ADEA claims.[2] Compare Park v. Howard Univ., 71 F.3d 904, 908 (D.C. Cir. 1995) ("the pre-complaint questionnaire is not the same as an EEOC charge"), and Hodges v. Northwest Airlines, Inc., 990 F.2d 1030, 1032 (8th Cir. 1993) (intake questionnaire did not constitute a valid charge under Title VII because it was not taken under oath), with Clark v. Coats and Clark, 865 F.2d 1237 (11th Cir.

---

[2] Except for the requirement that the charge be verified, the pertinent regulations for the form and content of an ADEA claim are substantially similar to a Title VII claim. See 29 C.F.R. § 1626.6.

1989) (plaintiff's submission of an intake questionnaire to the EEOC constitutes the timely filing of a charge), Casavantes v. California State Univ., 732 F.2d 1441, 1443 (9th Cir. 1984) ("We are thus led to the inescapable conclusion that the completed Intake Questionnaire, in the context of both the amendment procedures and the liberality to be ascribed to the procedural requirements, is sufficient to constitute a charge."), and Price v. Southwestern Bell Tel. Co., 687 F.2d 74 (5th Cir. 1982). The Seventh Circuit, avoiding a bright-line rule, has focused on the intent of the plaintiff in filing the claim, and to a lesser extent, the EEOC's treatment of the Questionnaire as a charge. See Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1338 (7th Cir. 1994) ("In order to constitute a charge, notice to the EEOC must be of a kind that would convince a reasonable person that the plaintiff manifested an intent to activate the Act's machinery."); Early at 80; Steffen v. Meridian Life Ins. Co., 859 F.2d 534 (7th Cir. 1988).

Although there is limited case law to draw from, this Circuit appears less likely to bar a plaintiff who, having initiated a proceeding but failing to file a formal charge within the statutory period, attempts to pursue his claim in court. The Circuit is generally guided by "the principle that Title VII is remedial legislation to be construed liberally rather than technically." Peterson v. City of Wichita, Kansas, 888 F.2d 1307, 1308 (10th Cir. 1989) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)).[3] The stated policy is that the procedural requirements of Title VII, "should not be allowed to become so formidable and inflexible as to preclude the aggrieved employee from receiving relief from employment discrimination." Richardson v. Frank, 975 F.2d 1433, 1436 (10th Cir. 1992). The Tenth Circuit's approach to this issue thus appears more closely

---

[3] In support of their motion, Defendant incorrectly cites the District court decision in Peterson, thus misstating the law. (Doc. 5 at 3).

aligned with the reasoning of the Casavantes court. In Casavantes, the Ninth Circuit agreed with plaintiff that his filing of an Intake Questionnaire satisfied the statutory obligation to initiate the administrative process within the time limit. 732 F.2d at 1442. Adhering to a non-technical application of Title VII's procedural rules, the Court proceeds to the question of whether Plaintiff's claim should be time barred.

Cognizant of the Tenth Circuit's philosophy, this Court reads 29 C.F.R. § 1601.12(b) to provide some flexibility as to the formal requirements of a charge outlined in § 1601.12(a):

> (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. <u>A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments...will relate back to the date the charge was first received</u>. A charge that has been so amended shall not be required to be redeferred. (emphasis added)

When Plaintiff filled out the Intake Questionnaire he, at the very least, gave the Commission a "written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." In fact, except for three short paragraphs describing the alleged harm, respondent's act resulting in discrimination, and a statement of discrimination, the Questionnaire and the Charge of Discrimination contain nearly identical information.

One obvious fault of the Intake Questionnaire is that it is not verified and therefore apparently fails to meet the Title VII criteria for a charge. § 1601.9. However, Plaintiff did file a formal charge in December 1994 satisfying the statutory requirements. In this Circuit, lack of verification does not automatically preclude the Questionnaire from serving as a charge satisfying

8

the filing requirement if a formal charge is subsequently filed. Peterson, 888 F.2d 1307, 1308.[4]
The Tenth Circuit, in Peterson, analyzed 29 CFR § 1601.12(b), and permitted a formal charge to relate back ruling, "an unverified charge is a timely filing if it is subsequently amended by a charge executed under oath or affirmation." Id. [5]

Defendant argues that the Questionnaire cannot be considered a charge because the EEOC did not treat it as such. It is true that the EEOC did not treat the Questionnaire as a charge. After Plaintiff filed the Questionnaire, the EEOC clearly stated in a response letter that the information he provided was not sufficient for "a charge of discrimination." Given the facts of this case, and the Tenth Circuit's expressed preference for flexibility in applying the EEOC's procedural requirements,[6] the Court holds that the information contained in the Questionnaire was sufficient to constitute a charge, and the defects in the Questionnaire could be amended by the subsequent filing.[7] Further, the record reflects no prejudice suffered by Defendant as a result of

---

[4] Peterson alone is not conclusive on the question presented to this Court because it is not clear that the "unverified charge" referred to in that case was an Intake Questionnaire.

[5] For a more extended discussion of this issue, see Laurie M. Stegman, Note, An Administrative Battle of the Forms: The EEOC's Intake Questionnaire and Charge of Discrimination. 91 Mich. L. Rev. 124 (1992).

[6] Although the treatment of the form by the EEOC is relevant to this Court's analysis, it does not conclusively determine that the form was not a charge. See Downes 41 F.3d at 1338; Steffen, 859 F.2d at 544. This Opinion is not a recognition that every Intake Questionnaire which is subsequently verified by a formal charge will withstand time limit challenges. The Seventh Circuit wisely advised of the consequence of such an interpretation. Steffen, 859 F.2d at 542-43.

[7] See, e.g., Peterson, 888 F.2d at 1308 (citing Casavantes, an Intake Questionnaire case, for the proposition that a timely but unverified charge will be considered timely if it is subsequently amended by a verified charge).

9

Plaintiff's delay in filing a charge within the 300 day limit. Therefore, Plaintiff's Civil Rights claim will not be time barred and he will be allowed to proceed on the merits.[8]

B.  Breach of Contract Claim

Defendant seeks the dismissal of the breach of implied contract claim on two separate grounds: (1) Plaintiff's breach of contract claim is barred by New Mexico's four year limitation on actions for breach of an unwritten agreement; and/or (2) as a matter of law the UPS Policy Book does not create a contractual or enforceable contract between UPS and its employees as Defendant alleges.

In support of the latter argument, Defendant correctly asserts that there are District and Circuit court decisions which specifically hold that the provisions and statements in the UPS Policy Book are too vague to constitute enforceable or contractual promises. See Dupree v. United Parcel Service, Inc., 956 F.2d 219 (10th Cir. 1992) (upholding District Court's ruling that policy manual provisions were too vague to constitute enforceable promises of job security); Evans v. United Parcel Service, Inc., No. 81-314-JB (D.N.M. January, 18, 1983). After examining those cases and reading the current employment manual attached to Plaintiff's complaint, the Court concludes there is no need to depart from the opinions just cited. Plaintiff, in response to Defendant's motion, concedes this point stating, "[t]he motion for partial summary judgment based on Dupree should be granted, if the court agrees with the unpublished opinion." (Doc. 4 at 4). The Court agrees. Therefore, the Court finds that the policy manual in question

---

[8] Having denied this portion of Defendant's motion for the reasons stated, the Court does finds not find it necessary to consider Defendant's argument challenging Plaintiff's affidavit. (Doc. 5).

does not provide the basis for a reasonable expectation of continued employment and this portion of Plaintiff's complaint will be dismissed.

C.  Conclusion

This Court finds that the Intake Questionnaire is sufficient to constitute a charge. This ruling is compelled by the Tenth Circuit's emphasis on avoiding a hyper-technical interpretation of Title VII procedures and approval of C.F.R. provisions that allow a subsequent filing to relate back. Further, the UPS policy manual cited by Plaintiff did not provide him a reasonable expectation of continued employment.

**ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment (Doc.2) be, and hereby is, GRANTED IN PART and DENIED IN PART.

Dated at Albuquerque this 21st day of April, 1999.

BRUCE D. BLACK
United States District Judge

Copies to:

F.D. Moeller
424 West Broadway
P.O. Box 15249
Farmington, NM 87499-8249
Attorney for Plaintiff

Duane C. Gilkey
Mary Woodward
P.O. Drawer 25566
Albuquerque, NM 87125
Attorneys for Defendant