IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALAN SHERMAN,

    Plaintiff,

vs.                                                     CIV # 98-0624 BB/DJS

UNITED PARCEL SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Plaintiff alleges that he was terminated by his employer, the Defendant, on the basis of race, religion, and gender, in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.; on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and/or on the basis of disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12100 et seq. The Defendant filed a second motion for summary judgment and, for the reasons stated below, the Defendant's motion for summary judgment (Doc. 23) is granted.

## FACTS

The Plaintiff, Alan Sherman ("Mr. Sherman"), was born on December 19, 1948, is a Caucasian male, and is of the Mormon faith. In July, 1973, Mr. Sherman was hired by the Defendant, United Parcel Service ("UPS"), to work in their Farmington, NM office as a package car driver. In April, 1989, Mr. Sherman was promoted into a management position with UPS.

In early 1992, Mr. Sherman began to have some disciplinary problems at UPS. As a matter of common business practice, employees are generally required to do a "write-up" of their understanding of any problems at work for which they are verbally counseled. On February 28, 1992, Mr. Sherman was asked to do a disciplinary "write-up" regarding his substandard job perfomance. Early the next month, Mr. Sherman was again asked to do a "write-up" regarding some disagreements he was having with a co-supervisor, Corina Bonilla ("Ms. Bonilla"). These problems with Ms. Bonilla continued through March, and Mr. Sherman was asked to do another "write-up" regarding his job responsibilities at UPS. On July 8, 1992 Mr. Sherman was asked to do a "write-up" regarding sexual harassment in the workplace, namely to inform his wife, Mrs. Janet Sherman ("Mrs. Sherman"), that she was to cease calling Mr. Sherman's co-workers at home, and cease coming to work or job sites to discuss Mr. Sherman's work. The problems with Ms. Bonilla continued after the July, 1992 "write-up," and on September 2, 1992, Mr. Sherman received a letter from the UPS District Manager, John Barrett ("Mr. Barrett") regarding his unprofessional conduct in the workplace, warning of possible termination if his conduct in the workplace was not professional.

One year later, on September 9, 1993, Mr. Sherman was asked to do a "write-up" regarding his unprofessional behavior in the workplace and arguments between him and Ms. Bonilla. In November, 1993, UPS Human Resources Manager Diane Taite-Howard ("Ms. Taite-Howard") visited the Farmington Center to investigate complaints about the Center. Ms. Taite-Howard met with Mr. Sherman on December 8, 1993 regarding problems and concerns at the Center. Mr. Sherman admitted to Ms. Taite-Howard that he had belittled Ms. Bonilla in front of co-workers, and that he played a part in instigating the problems with Ms. Bonilla. Following this

meeting, Mr. Sherman was put on paid administrative leave pending investigation by UPS. Following this investigation, on December 21, 1993, Mr. Sherman was terminated by Mr. Barrett and Ms. Taite-Howard, who were the only two managers with input regarding the termination.

Mr. Sherman alleges that he was terminated for a number of discriminatory reasons. He alleges that he was terminated because of his race, due to his belief that UPS was discriminating against white male supervisors to meet quotas. He alleges that he was terminated because of his religion, due to numerous jokes and comments around the office regarding the Mormon faith. He also alleges that he was terminated because of his gender, due to a belief that less qualified individuals were being promoted above existing management personnel. Moreover, Mr. Sherman alleges termination based on age, due his belief that UPS was attempting to get rid of "old baggage," and he was 5 years from retirement, subjecting UPS to potentially high benefits due to the size of his family. Finally, Mr. Sherman alleges discrimination based on a disability, which he suffered over 17 years ago, and despite which he has continued employment with and been promoted by UPS.

UPS, on the other hand, alleges that Mr. Sherman was fired for cause, in that Mr. Sherman failed to recognize and correct inappropriate management behavior.

## ANALYSIS

### Standard of Review

Pursuant to the Federal Rules of Civil Procedure, a motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, we examine "the factual record and reasonable inferences therefrom in the light most favorable to the

party opposing summary judgment." Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir. 1990). Although all material submitted by the parties must be construed liberally in favor of the party opposing the motion, Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstration to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Carett, 477 U.S. 317, 325 (1986). "In such a situation, the moving party is entitled to judgment as a matter of law 'because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" Rangel v. El Paso Natural Gas Co., 996 F.Supp. 1093, 1095 (D.N.M. 1998) (quoting Celotex, 477 U.S. at 322). Mere opinions and conclusory allegations, unsupported by the evidence, are insufficient to withstand summary judgment. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

**Introduction**

Although Mr. Sherman's complaint alleges termination based on race, religion, gender, age, and disability, the Court notes that his entire cause of action must be analyzed under the burden-shifting analysis promulgated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). *See* Elmore v. Capstan, Inc., 58 F.3d 525 (10th Cir. 1995) (McDonnell Douglas burden-shifting analysis applicable to Title VII cases); Greene v. Safeway Stores, Inc., 98 F.3d 554, 557-558 (10th Cir. 1996) (McDonnell Douglas burden-shifting analysis applicable to ADEA cases); Den Hartog v. Wasatch Academy, 129 F.3d 1076 (10th Cir. 1997) (McDonnell Douglas burden-shifting analysis applicable to ADA cases). Under this scheme, the Plaintiff must meet the initial burden of proving a *prima facie* case. McDonnell Douglas, 411

4

U.S. at 802. If this burden is met, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the employment action. <u>Id.</u> If this subsequent burden is met, the burden shifts back to the Plaintiff to show that the proffered reason for the employment action is mere pretext for discrimination. <u>Id.</u> The Court will analyze each claim accordingly.

**<u>The *Prima Facie* Elements</u>**

In order to prove a *prima facie* case of discrimination based on race, the plaintiff must prove that (1) he was a member of a protected racial class, (2) *his job performance was satisfactory*, (3) he was discharged despite the adequacy of his performance, and (4) after he was discharged, the position was filled by similarly qualified applicants outside the protected racial class. *See* <u>Notari v. Denver Water Dept.</u>, 971 F.2d 585, 588 (10th Cir. 1992) (emphasis added). To sustain his burden of proof for discrimination based on religion, the plaintiff must prove that (1) he was subjected to some adverse employment action, (2) at the time of the adverse employment action, *his job performance was satisfactory*, and (3) there is some additional evidence to support an inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow his or her religious beliefs. <u>Shapolia v. Los Alamos National Laboratory</u>, 992 F.2d 1033, 1038 (10th Cir. 1993) (emphasis added). To prove a *prima facie* case of discrimination based on gender, a plaintiff must prove that (1) he is a member of a protected class, (2) *his job performance was satisfactory*, (3) he was discharged despite his satisfactory job performance, and (4) after he was discharged, the position was filled by someone of the other gender with qualifications no better than his own. *See* <u>Bowman v. Anderson</u>, 166 F.3d 346, 1998 WL 802277 (10th Cir.(Okla.)) (emphasis added). Although Title VII's protections are not limited to those individuals who are members of

5

historically or socially disfavored groups, Livingston v. Roadway Express, Inc., 802 F.2d 1250, 1252 (10th Cir. 1986), in the case of allegations of reverse discrimination (i.e. Mr. Sherman's race and gender claims), the Plaintiff must also prove that "the background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." Notari, 971 F.2d at 589. Finally, for the plaintiff to prove discrimination based on age under the ADEA, he must prove that (1) he is a member of the protected class, (2) *he was doing satisfactory work*, (3) he was discharged despite the adequacy of his work, and (4) he was replaced by a younger employee. Greene v. Safeway Stores, Inc., 98 F.3d 554, 558 (10th Cir. 1996) (emphasis added).

It is not necessary to address each and every element of each and every claim in the case at bar. It is an explicit requirement of each and every claim in Mr. Sherman's cause of action that he raise a question of material fact as to the adequacy of his job performance in order to survive UPS's motion for summary judgment. As such, the Court will address this issue, and find that the answer to this issue warrants granting summary judgment for UPS. Moreover, assuming arguendo that Mr. Sherman sustained his burden of proof, he has failed to rebut UPS's legitmate, non-discriminatory purpose for his termination with any evidence of pretext, again mandating summary judgment in favor of UPS.

**Adequacy of Job Performance**

The Court finds that there is no genuine issue of material fact as to the adequacy of Mr. Sherman's job performance while working for UPS. It is clear from the record that Mr. Sherman was apprised of both work-related problems and unsatisfactory job performance, that he recognized those problems and made a commitment to remedy them in the form of "write-ups,"

but then failed to remedy such problems.  Mr. Sherman contends that, indeed, he was performing his job satisfactorily.  He does so, however, in the form of his own subjective beliefs and the alleged beliefs of co-workers.  This is simply not sufficient.  Such unsworn evidence, which does not take the form of deposition or sworn affidavit, is inadmissible and will not be considered by this Court in deciding this motion for summary judgment.  *See* Jeffries v. Kansas, 147 F.3d 1220, 1224, n. 1 (10th Cir. 1998).  On the other hand, there is substantial evidence adduced by UPS that Mr. Sherman was indeed an employee whose record was marred by inappropriate managerial behavior.  Indeed, there is absolutely no evidence on the record that Mr. Sherman was performing his job satisfactorily.  As such, this Court finds that Mr. Sherman's *prima facie* burden of proof has not been sustained.

**Legitimate, Non-Discriminatory Purpose and Pretext**

Even if Mr. Sherman could meet his burden of proof with regards to the *prima facie* elements of his discrimination claims, the burden would then shift to UPS to articulate a facially non-discriminatory reason for its employment action, and Mr. Sherman would again be confronted with his unsatisfactory record.  *See* McDonnell Douglas, 411 U.S. at 802-803, modified by EEOC v. Flasher, 986 F.2d 1312, 1316, n. 4 (10th Cir. 1992) (emphasizing that defendant's proffered reason need only be "facially" non-discriminatory because no examination of whether the reason given is pretextual or unequally applied is made at this stage of the analysis).  UPS has, indeed, articulated a facially non-discriminatory purpose for Mr. Sherman's termination: his failure to recognize and correct inappropriate management behavior.  This reason for Mr. Sherman's termination is clearly supported by numerous "write-ups" by Mr. Sherman and by his own deposition.  Again, Mr. Sherman offers no contrary evidence, and does not dispute

this assertion in his brief. Therefore, having found that UPS had a facially non-discriminatory purpose for terminating Mr. Sherman, the burden shifts back to Mr. Sherman to prove that such proffered purpose is mere pretext for discrimination.

The Court believes that this burden of proof has not been satisfied on any of Mr. Sherman's claims. All of Mr. Sherman's claims of discrimination simply rely on bald assertions. Mr. Sherman offers nothing more than hunches, guesses, assumptions and opinions in support of his claims of discrimination based on race, gender, age, and disability. Mr. Sherman makes several allegations of religious discrimination, but all come in the form of alleged jokes and comments from co-workers and a supervisor of another department of UPS. There is no evidence that either Ms. Taite-Howard or Mr. Barrett engaged in such conduct. Mr. Sherman must show that such animus toward the Mormon faith was both possessed and exercised by persons in the position of terminating him. In order to support a Title VII claim with an employer's allegedly discriminatory statements, an employee must demonstrate that a nexus exists between the employer's statements and the challenged employment decision. Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1369 (10th Cir. 1997). This nexus is lacking in the case at bar.

Again Mr. Sherman argues that his job performance was indeed satisfactory. However, he does so with evidence in the form of opinions by co-workers and his own subjective belief that he was a good manager. As previously discussed, consideration of such opinion evidence by co-workers is not proper. *See* Jeffries, *supra*. Moreover, in exploring the adequacy of job performance in the context of allegations of pretext, as noted by the Tenth Circuit in the context of an ADEA claim, "[i]t is the manager's perception of the employee's performance that is relevant, not [the] plaintiff's subjective evaluation of his own relative performance." Branson v.

Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988). As such, Mr. Sherman has failed to create a genuine issue of material fact as to whether the decision by UPS to fire him was, in fact, pretextual.

**The ADA**

As noted by UPS, Mr. Sherman may be attempting to state a claim of discrimination based on disability under the ADA. In order for Mr. Sherman to satisfy his burden of proving a *prima facie* case of discrimination based on disability, he must prove that (1) he is a disabled person within the meaning of the ADA, (2) he is able to perform the essential functions of the job, and (3) his employer terminated his employment under circumstances which give rise to an inference that the termination was based on his disability. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). The Court need not reach the merits of the ADA claim, however, since the plaintiff failed to exhaust his administrative remedies (failed to include such a claim in his E.E.O.C. complaint) prior to commencement of this action. *See* Davis v. U.S. Postal Service, 142 F.3d 1334, 1337 (10th Cir. 1998); 42 U.S.C. § 12117(a). Moreover, even if Mr. Sherman met his administrative prerequisites, there is no evidence that he is disabled within the meaning of the ADA. *See* Sutton v. United Air Lines, Inc., 119 S.Ct. 2139 (1999), 1999 WL 407488. Therefore, Mr. Sherman's ADA claim is dismissed.

## CONCLUSION

In conclusion, Mr. Sherman has failed to satisfy his burden of proof on the *prima facie* elements of each of his claims, namely that his job performance was satisfactory. Assuming arguendo that he has met his burdens on these claims, UPS has articulated a legitimate, non-discriminatory business reason for Mr. Sherman's termination. Moreover, Mr. Sherman has failed

to present any evidence that such business reason is pretextual for intentional discrimination. Therefore, since Mr. Sherman has created no genuine issue of material fact as to the reasons for his termination, UPS is entitled to summary judgment on all counts.

## **ORDER**

IT IS THEREFORE ORDERED that Defendant's May 21, 1999 second motion for summary judgment (Doc. 23) be, and hereby is, GRANTED.

DATED July 28, 1999.

                                          BRUCE D. BLACK
                                          UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Plaintiff:**
F.D. Moeller
424 West Broadway
P.O. Box 15249
Farmington, NM  87499-8249
(505) 327-7456

**For Defendant:**
Duane C. Gilkey
Mary Woodward
Gilkey, Stephenson & Weese, P.A.
P.O. Drawer 25566
Albuquerque, NM  87125
(505) 242-4466